**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Gary LOVETT, Defendant—Appellant.**

No. 04–50372.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided July 29, 2005.

U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Tracy B. Gatlin, Fpd, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

## MEMORANDUM **

Defendant—Appellant Gary Lovett appeals his jury conviction for two counts of bringing an illegal alien to the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and two counts of bringing an alien to the United States without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Lovett argues that the evidence is insufficient to support his convictions under § 1324(a)(2)(B)(ii) because the government failed to prove that the aliens lacked permission to "come to" the United States. Claims of insufficient evidence are reviewed *de novo*. *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002). We have recently held that "an alien 'comes to' the United States when the alien crosses the border into the United States regard-

less of whether he or she is under official restraint." *United States v. Munoz*, 412 F.3d 1043, 1048–49 (9th Cir.2005). In the instant case, Lovett crossed the border into the United States with two aliens hiding in a false gas tank compartment under his car, and both aliens testified that they had no permission to "enter" the United States. We find this to be ample evidence that the aliens hiding in the false gas tank compartment also lacked permission to "come to" the United States.

■ Lovett also challenges the district court's admission of the aliens' testimonies that they were scared by the size and location of the false gas tank compartment. We review the district court's decision regarding relevance and prejudice for abuse of discretion. *United States v. Daly*, 974 F.2d 1215, 1216—17 (9th Cir.1992). Although the district court abused its discretion by admitting the aliens' fear testimony, we find that the error is harmless because "it is more probable than not that the erroneous admission of the evidence did not affect the jury's verdict." *United States v. Hill*, 953 F.2d 452, 458 (9th Cir. 1991). Given the admissible record evidence that the aliens were fit into an extremely small gas tank compartment, located near the vehicle's operational gas tank, from which they could not extricate themselves without assistance, no reasonable juror would have been influenced by the aliens' limited, obvious testimony that they were, in fact, afraid of the gas tank compartment.

Lovett also asserts numerous claims of prosecutorial misconduct during the closing argument and rebuttal, including: (1) improper vouching; (2) improper burden

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

shifting; (3) commenting on the defendant's failure to testify; and (4) misstating the law as to the financial gain element of § 1324(a)(2)(B)(ii). "We review claims of prosecutorial misconduct for plain error when the defendant did not object at trial, and for abuse of discretion when the district court denied an objection to closing argument." *United States v. Tam,* 240 F.3d 797, 802 (9th Cir.2001).

■ Lovett cites eight instances where the prosecutor asserted that the defendant "knew" and three instances where the prosecutor asserted that the defendant is "guilty," as evidence of improper prosecutorial vouching. The defense failed to object to any of these remarks at trial, and therefore we review the remarks for plain error. We find that a reasonable juror could have construed each of the prosecutor's remarks as merely commentary on the evidence. *See United States v. Laurins,* 857 F.2d 529, 539 (9th Cir.1988). Therefore, no plain error resulted.

■ Lovett also argues that the prosecutor shifted the burden of proof to the defendant and remarked on the defendant's failure to testify. First, the defense never objected to the prosecutor's allegedly burden-shifting remarks during the closing argument, and we find that there is no reasonable probability that the prosecutor's remarks rendered the verdict unfair. Second, even though the defense did object to the prosecutor's burden-shifting remarks during rebuttal, the impact of the prosecutor's remarks was limited by the trial judge's instruction that the prosecution had to prove every element of the crime beyond a reasonable doubt and by the prosecutor's restatement of the accurate burden of proof. Third, the prosecutor never directly addressed the defendant's failure to testify during his closing argument or rebuttal. We find that the remarks merely highlighted aspects of the defense's theory that the defense failed to explain. *See United States v. Castillo,* 866 F.2d 1071, 1083 (9th Cir.1989).

Finally, Lovett argues that the prosecutor confused the jury by misstating the law as to the required element of financial gain. Lovett failed to object to the prosecutor's statements at trial, so we review for plain error. To support a conviction under § 1324(a)(2)(B)(ii), the government must prove that the defendant committed the offense "for the purpose of commercial advantage or private financial gain." 8 U.S.C. § 1324(a)(2)(B)(ii). We have recently held that "the statute requires the government to prove that [the defendant] intended to derive a financial benefit from transport of the aliens." *Munoz,* 412 F.3d at 1046. The government can still make out the financial gain element of the offense under an aiding and abetting theory, "merely by proving that a principal ... committed the crime with a pecuniary motive." *United States v. Tsai,* 282 F.3d 690, 697 (9th Cir.2002).

Here, the district court failed to instruct the jury on the aiding and abetting theory charged in the indictment. Yet, the prosecutor told the jury that because the defendant was charged under an aiding and abetting theory, the financial gain element could be satisfied if the government proved that the alien was brought to the United States "for some type of private commercial advantage for someone." We find that the prosecutor accurately stated the requirements for satisfying the financial gain element under an aiding and abetting theory. We also find that it was not plain error for the prosecutor to tell the jury that Lovett could be convicted under the aiding and abetting theory charged in the indictment, even though the district court did not provide an instruction on aiding and abetting.

Aiding and abetting is not a distinct offense from the underlying substantive crime. *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir.2005) ("Aiding and abetting is simply one means of committing a single crime.") We have stated that "[i]t does not matter whether some jurors found that [the defendant] performed these acts himself, and others that he intended to help someone else who did, because either way ... liability is the same: as a principal, for committing the acts charged." *Id.* In the instant case, Lovett was indicted for bringing aliens to the United States for financial gain under both theories of the offense. Even though the district court did not provide an instruction on the elements of aiding and abetting, sufficient evidence existed for the jurors to find the financial gain element satisfied under either theory. Moreover, because there was sufficient evidence as to Lovett's own financial gain, *see United States v. Schemenauer*, 394 F.3d 746, 751 (9th Cir. 2005), Lovett's substantial rights were not affected by the alleged error. Accordingly, there is no substantial risk that the verdict was rendered unfair by the prosecutor's statements.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.