**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Elizabeth ARMENTA–FISCAL,
Defendant—Appellant.**

**No. 05–50490.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Filed June 13, 2006.

Randy K. Jones, Esq., Jason A. Forge, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

**586**

Leila W. Morgan, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant—Appellant.

Before: FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,* District Judge.

## MEMORANDUM **

Elizabeth Armenta–Fiscal appeals her conviction for bringing an alien to the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). She identifies several grounds on which she urges reversal: the jury instructions did not inform the jury that they must find she acted for her own financial benefit; the evidence was not sufficient to uphold the verdict; a general intent instruction contradicted the specific intent element of aiding and abetting; and the jury should not have been allowed to reach a verdict on aiding and abetting grounds because aiding and abetting was not alleged in the indictment. We affirm.

## A. Financial Benefit

The financial benefit instruction at issue, parroting the statute, states: "the government must prove ... [f]ourth, the defendant brought the person to the United States for the purpose of commercial advantage or financial gain."

■ Armenta–Fiscal argues that the district court erred in its construction of the statute by not instructing the jury that they must find that Armenta–Fiscal in-

tended to benefit herself financially. Subsequent to the trial, we held in *United States v. Munoz*, 412 F.3d 1043 (9th Cir. 2005), that where a defendant is charged as a principal, the government must prove that the defendant intended to derive a personal financial benefit from the transportation. *See* 412 F.3d at 1046 (vacating judgment based on instruction that "[i]t is not necessary for the government to prove the defendant was to receive the financial gain").

This case is distinguishable from *Munoz* because, unlike in *Munoz*, the instructions did not state that the government did not need to prove that the defendant was to receive the gain. The most natural reading of the instructions given is that the defendant must benefit personally. Therefore, there was no error.

## B. Sufficiency of Evidence

The evidence presented must be sufficient to show that, viewed in the light most favorable to the prosecution, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *United States v. Angwin*, 271 F.3d 786, 804 (9th Cir.2001).

■ The evidence presented meets the standard. The jury could infer that Armenta–Fiscal was being paid for transporting her passenger, since Armenta–Fiscal was not previously acquainted with her passenger and her "favor for a friend" explanation was weak. On the alternative theory, the jury could infer that Armenta–Fiscal intended to aid and abet Mendoza, and Mendoza's intent to benefit financially was shown by the passenger's agreement to pay $500. *See Angwin*, 271 F.3d at 805

---

* The Honorable George P. Schiavelli, United States District Court for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(holding that there was sufficient evidence of financial gain where alien testified that he expected to pay and defendant's explanation was implausible).

## C. Jury Instructions on Specific Intent

Transporting aliens for financial benefit is a specific intent offense. *See United States v. Barajas–Montiel*, 185 F.3d 947, 951–53 (9th Cir.1999). It is not sufficient for a jury instruction to state that a defendant must have had knowledge that an alien had not received official permission to enter; rather, the jury must find "that a defendant intended to violate the immigration laws." *Id.* at 953. *See also United States v. Nguyen*, 73 F.3d 887, 890–93 (9th Cir.1995) (holding that "criminal intent," not mere knowledge of alien's unlawful status, must be proven to establish conviction for bringing aliens into the United States at a location other than a designated port of entry).

Armenta–Fiscal argues that while the district court properly gave a specific intent instruction when listing the elements of the crime, it later negated this instruction by stating: "An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. *The government is not required to prove that the defendant knew that his acts or omissions were unlawful.*"

The instructions were not erroneous: "[a] moment's thought is enough to refute the general proposition that ignorance of law is a proper excuse to any crime requiring specific intent." *United States v. Fierros*, 692 F.2d 1291, 1294 (9th Cir.1982) (pointing out that murder is a specific intent crime, but a good faith belief in its legality is no defense). *Id.* at 1294–95. Neither of the two categories of exceptions, *see id.* at 1294–95, is applicable here. While Armenta–Fiscal reads *Barajas–Montiel's* statement that a defendant must have "intended to violate the immigration laws" as implying a special, stricter requirement, the context shows that the *Barajas–Montiel* court imposed the typical, common law specific intent standard. 185 F.3d at 952.

*Nguyen* also did not impose a higher standard. Specific intent is the equivalent of acting with "purpose" under the Model Penal Code, meaning a defendant must "consciously desir[e][the] result." *United States v. Gracidas–Ulibarry*, 231 F.3d 1188, 1196 (9th Cir.2000). *Nguyen* held that a defendant who discovered aliens on board his ship but did not wish to bring them to land, instead attempting futilely to contact the authorities, was not within the statute's coverage. 73 F.3d at 893. It was not ignorance of the law that would excuse his conduct, but rather the fact that he did not consciously desire the result.

Finally, *United States v. Stein*, 37 F.3d 1407 (9th Cir.1994), is not applicable because it involved a money-laundering statute that required that the defendant know that the proceeds involved were from an "activity that constitutes a felony under ... law." *Stein*, 37 F.3d at 1410 (quoting 18 U.S.C. § 1956). The general knowledge instruction given in *Stein* contradicted this special requirement that the defendant know that the underlying activity was unlawful. *Id.* at 1410.

## D. Specific Intent Element of Aiding and Abetting in Indictment

Armenta–Fiscal's argument that aiding and abetting must have been specified in the indictment to be used at trial fails because aiding and abetting is implied in every indictment. *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir.2005); *United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir.1995). As a result, it is not necessary to state the elements of aiding

and abetting separately in the indictment. *See United States v. Armstrong,* 909 F.2d 1238, 1241 (9th Cir.1990).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.