**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ODILON GARCIA,
          *Defendant-Appellant.*

No. 04-50105

D.C. No.
CR-03-00238-BTM

OPINION

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Argued and Submitted
February 10, 2005—Pasadena, California

Filed March 11, 2005

Before: Alfred T. Goodwin, Frank J. Magill,* and
Pamela Ann Rymer, Circuit Judges.

Opinion by Judge Rymer

---

*The Honorable Frank J. Magill, Senior Circuit Judge for the Eighth
Circuit, sitting by designation.

## COUNSEL

Todd W. Burns and Ramzi G. Nasser, Federal Defenders of San Diego, Inc., San Diego, California, for the defendant-appellant.

Joseph H. Huynh, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

## OPINION

RYMER, Circuit Judge:

We must decide whether aiding and abetting under 18 U.S.C. § 2 is a separate offense from, or a different theory of liability for, the substantive offenses of alien smuggling and transportation of aliens in violation of 8 U.S.C. § 1324.

Odilon Garcia appeals his conviction on four counts of alien smuggling and transportation that also charged him with aiding and abetting. He maintains that the indictment was duplicitous because the two have separate elements and thus are separate offenses, requiring the government to elect between them or the district court to give a specific unanimity instruction. Following Supreme Court and our own precedent, we conclude that aiding and abetting is not a separate offense from the underlying substantive crime, but rather a different theory of liability for the same offense. Accordingly, we affirm Garcia's conviction on all counts.[1]

I

In the early morning hours of January 15, 2003, four Border Patrol agents responded to a sensor alert that had been triggered on a little-used road not far from the Mexican border. The agents intercepted two vehicles, one following behind the other. When the agents ordered each vehicle to stop, numerous individuals, later determined to be illegal aliens, jumped out and attempted to flee. Rather than come to a halt as ordered, the driver of the second vehicle turned his

---

[1]For the first time on appeal, Garcia raises a challenge to his sentence under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). We address this issue in a separate, unpublished order. Meanwhile, we stay issuance of the mandate. The time for filing a petition for rehearing or for rehearing en banc pursuant to Fed. R. App. P. 35 and 40 on both conviction and sentence shall run from the date that judgment is entered on Garcia's appeal from sentence.

truck around and drove back down the road in the other direction. Agents gave chase, and eventually came upon the vehicle, abandoned by its driver on the side of the road and teetering on the edge of a steep ravine. There was an individual in the cab of the truck who had to be helped out. Garcia was found in the area, injured and walking in a daze. Keys were found in his pocket that unlocked the abandoned pickup and started the ignition.

A federal grand jury returned a four-count indictment charging Garcia with bringing two undocumented aliens into the United States for private financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and with transporting them within the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii). The indictment also charged Garcia with aiding and abetting with respect to each count, in violation of 18 U.S.C. § 2.

Garcia filed a pretrial motion to dismiss the indictment on grounds of duplicity, but the matter proceeded to trial without a ruling. Garcia also requested a specific unanimity instruction that would have required the jury to agree, for each count on which it found Garcia guilty, whether he was guilty as a principal or as an aider and abettor. The district court declined to give such an instruction, reasoning that aiding and abetting is not a separate and distinct offense but rather a different theory of liability for the substantive offense. Standard instructions on aiding and abetting and on unanimity were given.

The jury found Garcia guilty on all counts. Garcia timely appeals.

## II

The parties dispute whether our review should be de novo (as it is for the question whether counts of an indictment are duplicitous, *see United States v. Bryan*, 868 F.2d 1032, 1037 (9th Cir. 1989)), or for abuse of discretion (as it is for refusal to give a specific unanimity instruction, *see United States v.*

*Kim*, 196 F.3d 1079, 1082 (9th Cir. 1999)). To an extent each issue is in play given that Garcia both moved to dismiss and requested a specific unanimity instruction. However, we see no need to resolve the debate because Garcia's challenge fails even under de novo review.

## III

[1] Simply put, Garcia's position is that the elements of aiding and abetting are different from the elements of smuggling or transporting an alien because the latter is a general intent crime while the former requires specific intent.[2] This being so, in his view, aiding and abetting is a separate offense because the presence of different elements means that the offenses are different. For support, Garcia relies on *United States v. Ramirez-Martinez*, 273 F.3d 903 (9th Cir. 2001). There we held that an indictment which charged in the same count completed transportation of an undocumented alien in violation of § 1324(a)(1)(A)(ii), and attempted transportation, was duplicitous because the two crimes contain different mens rea elements and so are separate offenses. "An indictment is duplicitous where a single count joins two or more distinct and separate offenses. 'One vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense.' " *Ramirez-Martinez*, 273 F.3d at 913 (quoting

---

[2]For aiding and abetting liability the government must prove four elements:

> (1) *that the accused had the specific intent to facilitate the commission of a crime by another*, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying substantive offense, and (4) that someone committed the underlying substantive offense.

*United States v. Delgado*, 357 F.3d 1061, 1065-66 (9th Cir. 2004) (quoting *United States v. Gaskins*, 849 F.2d 454, 459 (9th Cir. 1988)) (emphasis added).

*United States v. UCO Oil Co.*, 546 F.2d 833, 835 (9th Cir. 1976)) (citation omitted). As we explained, attempting to transport, which requires specific intent to transport an undocumented alien, and actual transportation, which requires only that the defendant transported the alien with knowledge or in reckless disregard of the alien's undocumented status, involve two different levels of mental culpability and, accordingly, are separate and distinct crimes.

*Ramirez-Martinez* is not, however, dispositive. As it happens, the defendant there was also charged in a different count as an aider and abettor with bringing to the United States an undocumented alien for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2. In that connection we observed that "[s]ection 2(a) of Title 18 does not define a separate offense but rather makes it unlawful to aid or abet another in the commission of a substantive offense." *Ramirez-Martinez*, 273 F.3d at 911. We also pointed out that the aiding and abetting provision of Title 18 is applicable across the board to the criminal code unless Congress says otherwise, which it has not done with respect to 8 U.S.C. §§ 1324(a)(2)(B)(ii) — bringing in illegal aliens — or (a)(1)(A)(ii) — transporting illegal aliens.

**[2]** More importantly, there are fundamental differences between *attempting* to commit a crime, and *aiding and abetting* its commission, that distinguish *Ramirez-Martinez*. In an attempt case there is no crime apart from the attempt, which is the crime itself; for this reason the defendant must act with the purpose of violating the immigration laws even though that mens rea is not required for the substantive offense. In the context of aider and abettor liability, there is a single crime that the defendant is charged with committing; he could commit that offense by directly performing illegal acts himself, or by aiding, abetting, counseling, commanding, inducing, or procuring the commission of the offense. Whichever, the defendant (if convicted) is liable as a principal. *See* 18 U.S.C. § 2(a) ("Whoever commits an offense against the United

States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). Thus, unlike the mens rea for attempts, an aider and abettor's intent regarding the substantive offense is the same intent required for conviction as a principal. *See, e.g., Gaskins*, 849 F.2d at 459.

**[3]** Of course, to prove liability as an aider and abettor the government must establish beyond a reasonable doubt that the accused had the specific intent to facilitate the commission of a crime by someone else — and this is an "element" that need not be established for conviction on the underlying offense. However, as the Supreme Court pointed out in *Schad v. Arizona*, 501 U.S. 624 (1991) (plurality opinion), jurors are not required to agree unanimously on alternative means of committing a crime. In *Schad*, the defendant was convicted of first-degree murder in Arizona state court based on alternative theories of premeditated murder and felony murder (in the course of a robbery). *Id.* at 629-30. On appeal, Schad argued that these should have been charged as separate offenses and that his conviction under instructions that did not require the jury to agree on one of the theories was unconstitutional. *Id.* at 630-31. The Court rejected his position, holding that premeditated murder and felony murder are simply different theories of liability for the single offense of first degree murder, even though premeditated murder requires an intent to kill, while felony murder requires only the intent to commit the underlying felony. *Id.* at 639, 643-45.

**[4]** We believe that aiding and abetting as charged in this case falls naturally within the *Schad* analysis. Aiding and abetting is simply one means of committing a single crime. Indeed, we have often referred to aiding and abetting as a theory of liability. *See, e.g., Gaskins*, 849 F.2d at 459; *United States v. Angwin*, 271 F.3d 786, 800 (9th Cir. 2001). We have also held a number of times in different contexts that aiding and abetting is embedded in every federal indictment for a substantive crime. *See, e.g., Ramirez-Martinez*, 273 F.3d at 911; *Gaskins*, 849 F.2d at 459 (noting that "all indictments for

substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were embodied in the indictment") (internal quotation marks and citations omitted); *United States v. Armstrong*, 909 F.2d 1238, 1241, 1242 (9th Cir. 1990) ("Aiding and abetting is implied in every federal indictment for a substantive offense[,]" even though the elements necessary to convict as a principal and as an aider and abettor are different.); *United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir. 1995) (holding that a general aiding and abetting instruction need not be tied to a specific count of an indictment). It follows that aiding and abetting is a different means of committing a single crime, not a separate offense itself, for otherwise it could not be implicit in a substantive charge.

**[5]** Garcia postulates that this creates a unanimity issue, but we disagree. In this case, the jury was properly instructed on the elements of the substantive offenses and for aiding and abetting liability. The general verdict reflects agreement that Garcia committed the particular offenses of bringing illegal aliens to, and transporting them within, the United States. It does not matter whether some jurors found that he performed these acts himself, and others that he intended to help someone else who did, because either way, Garcia's liability is the same: as a principal, for committing the acts charged.

**[6]** Accordingly, the indictment charging Garcia with the substantive offenses of smuggling illegal aliens in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and transporting them in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18 U.S.C. § 2, was not duplicitous. Aiding and abetting is not a separate and distinct offense from the underlying substantive crime, but is a different theory of liability for the same offense. For this reason, the government had no obligation to elect between charging a substantive offense and charging liability on an aiding and abetting theory, nor was the district court obliged to give a specific unanimity instruction.

AFFIRMED.