**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Cesar BALDERAS–GRANADOS,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**Cesar Balderas–Granados,**
**Defendant—Appellee.**

**United States of America,**
**Plaintiff—Appellant,**

v.

**Cesar Balderas–Granados,**
**Defendant—Appellee.**

Nos. 04–10375, 04–10446, 04–10413.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Filed Dec. 27, 2005.

Bradley Giles, USTU—Office of the U.S. Attorney Evo A. Deconcini, U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Jason M. Hannan, Esq., FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant–Appellant.

Before: FARRIS, TASHIMA, and CALLAHAN, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## MEMORANDUM *

Cesar Balderas–Granados appeals the judgment of conviction imposed following a jury trial for transporting undocumented aliens within the United States, in violation of 8 U.S.C. § 1324. He contends that the district court erred in denying his motion for a judgment of acquittal. The government cross-appeals the sentence imposed by the district court when the court corrected the sentence, pursuant to Federal Rule of Criminal Procedure 35(a), following the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

We have jurisdiction over these appeals pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm the conviction. Because, however, the resentencing was conducted before the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and we cannot tell whether the district court would have imposed the same sentence had it known that the sentencing guidelines were advisory, we remand the sentence to the district court for its reconsideration. *See United States v. Ameline*, 409 F.3d 1073, 1079 (9th Cir.2005) (en banc) ("elect[ing] to remand to the district court to answer the question whether the sentence would have been different had the court known that the Guidelines were advisory").

Balderas–Granados' reliance on *United States v. Ramirez–Martinez*, 273 F.3d 903 (9th Cir.2001), is unavailing.[1] First, although Balderas–Granados relies on the district court's judgment of acquittal in *Ramirez–Martinez* on the charge of aiding or abetting bringing in Santiago, one of the

1. Because the parties are familiar with the factual and procedural background of the case, we do not discuss it except as necessary to aid in understanding this disposition.

smuggled aliens in that case, that decision was not challenged on appeal and therefore was not addressed in *Ramirez–Martinez. See id.* at 909 (enumerating the issues raised in the appeal).

Second, even if *Ramirez–Martinez* had addressed the judgment of acquittal, the facts are distinguishable. The charge on which acquittal was granted was for aiding and abetting bringing Santiago to the United States, in violation of 8 U.S.C. § 1324(a)(2) and 18 U.S.C. § 2. Aiding and abetting the smuggling of an alien, unlike the underlying offense, requires specific intent, not merely general intent. *United States v. Garcia,* 400 F.3d 816, 818 (9th Cir.2005), *cert. den.* —— U.S. ——, 126 S.Ct. 839, 163 L.Ed.2d 714 (2005), *available at* http://www.supreme courtus.gov/docket /05–7487.htm. More importantly, *Ramirez–Martinez* was acquitted of the § 1324(a)(2) count, which proscribes bringing an alien to the United States, as opposed to § 1324(a)(1), Balderas–Granados' statute of conviction, which addresses transporting an alien within the United States. In *Ramirez–Martinez,* Santiago testified that he entered the United States on his own after he was unable to find a smuggler. After entering the United States, he came upon the van Ramirez–Martinez was using to smuggle other aliens, and he then ran to the van with a number of other people and "managed to finagle his way into the van through its rear door." *Ramirez–Martinez,* 273 F.3d at 908. The evidence therefore affirmatively demonstrated that Ramirez–Martinez played no part whatsoever in bringing Santiago into the United States, justifying the judgment of acquittal.

■ Here, by contrast, Merchant–Beristan and J.L. B.–S. testified that, when they asked someone how to enter the United States, the person pointed out Balderas–Granados' truck, which was moving very slowly through the town. It is a reasonable inference that Balderas–Granados would have noticed Merchant–Beristan and J.L. B.–S. clambering into the back of his truck. Moreover, Balderas–Granados was convicted for transporting aliens within the United States, not for bringing aliens to the United States, and, in particular, not for the specific intent crime of aiding and abetting. Additionally, when Agent Behan turned on his overhead lights and siren, Balderas–Granados did not stop, but kept driving, even after running over tire spike strips which had been placed on the highway to stop his truck. This evidence of flight supports the inference that Balderas–Granados knew that he was transporting aliens who were in the United States unlawfully.

"Although the government's case consisted of largely circumstantial evidence and required the jury to make reasonable inferences, circumstantial evidence can form a sufficient basis for conviction." *United States v. Yoshida,* 303 F.3d 1145, 1151 (9th Cir.2002). It is true that Balderas–Granados never communicated with Merchant–Beristan and J.L. B.–S. However, there were other aliens in the bed of the truck. They told Merchant–Beristan and J.L. B.–S. to cover themselves with the tarp. The truck was moving slowly, and it is reasonable to conclude that the driver would have noticed the two people climbing into the bed of his truck. Viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences in the government's favor, as we must in reviewing the denial of a motion for acquittal based on the insufficiency of the evidence, we conclude that a rational jury " 'could have found the essential elements of the crime beyond a reasonable doubt.' "[2] *Id.* at 1149 (quoting

---

2. Balderas–Granados contends that the government failed to establish the element that

*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

■ Balderas–Granados argues that the government failed to establish that he transported the aliens for the purpose of financial gain, as required for his conviction under § 1324(a)(1)(B)(i). He contends that, even viewed in the light most favorable to the prosecution, the evidence establishes only that Merchant–Beristan and J.L. B.–S. "had a weak expectation they would have to pay somebody—who knows who—at some later point."

Whether or not Merchant–Beristan and J.L. B.–S.'s expectation was "weak," it would be unreasonable to conclude that they did not expect to pay for being brought into the United States. J.L. B.–S. stated that he planned to pay for the trip after reaching California, although he had not made any prior arrangements. Similarly, Merchant–Beristan stated that he planned to pay for being brought into the United States and that he thought it would cost between $1,000 and $1,500. Balderas–Granados neither knew nor was related to the aliens in his truck, which supports the reasonable inference that he sought financial gain for transporting them. *See, e.g., Yoshida*, 303 F.3d at 1152 (concluding that it was reasonable for the jury to infer that the defendant expected payment, based on her travel pattern, the identification of her as the aliens' escort, and the fact that "as a stranger to the aliens, [she]

had no benevolent reason to lead them into the United States"); *United States v. Tsai*, 282 F.3d 690, 697 (9th Cir.2002) (finding sufficient evidence of financial gain to support an aider and abettor conviction where the alien testified that she did not know the defendant "and that he was neither relative nor friend, which eliminated possible nonpecuniary motives for his actions"); *United States v. Angwin*, 271 F.3d 786, 805 (9th Cir.2001) (reasoning that the alien's "testimony that he expected that he would have to pay for his transportation once he arrived in Los Angeles, the substantial evidence of the defendant's guilt, and the lack of any other possible explanation for Angwin's conduct" constituted sufficient evidence for the jury to conclude that Angwin committed the offense for the purpose of private financial gain). The conviction accordingly is affirmed.

■ In its appeal, the government contends that the district court erred when it corrected Balderas–Granados' sentence when it concluded that it lacked authority to impose the sentencing guideline enhancements it had previously imposed without a jury finding. We need not reach that contention, however, in light of the Supreme Court's subsequent decision in *Booker*, rendering the sentencing guidelines advisory. We remand the sentence to the district court, pursuant to our decision in *Ameline*,[3] for its determination of whether it "would have imposed a materi-

---

he had the purpose of helping the aliens remain in the United States illegally. However, he fails to make any further argument regarding this element and accordingly has waived the issue. *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir.2001) ("Issues raised in a brief which are not supported by argument are deemed abandoned."). The issue of knowing or having reckless disregard for the aliens' unlawful status is deemed abandoned for the same reason.

3. The government initially argued that, because Balderas–Granados had been released from custody and was not available for resentencing, we should affirm the sentence without prejudice to the government's ability to seek to vacate the sentence if Balderas–Granados becomes available, pursuant to *United States v. Plancarte-Alvarez*, 366 F.3d 1058 (9th Cir.2004). The government subsequently notified the court that Balderas–Granados is again in custody and available for resentencing, as required by Federal Rule of Criminal Procedure 43(a).

ally different sentence had [she] known that the Guidelines are advisory rather than mandatory." *Ameline,* 409 F.3d at 1083.

For the foregoing reasons, the judgment of conviction is **AFFIRMED** and the sentence is **REMANDED** for the district court's reconsideration in accordance with *Ameline.*