**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ed MENDOZA, aka Eduardo Mendoza–Vasquez, Eddie Vasquez–Mendoza Defendant—Appellant.**

No. 05–50310.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided May 31, 2006.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

U.S. Attorney CV, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Elizabeth M. Barros, FPD, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FARRIS and THOMAS, Circuit Judges, and SCHIAVELLI,* District Judge.

* The Honorable George P. Schiavelli, United     States District Judge for the Central District

MEMORANDUM **

Appellant Eduardo Mendoza–Vazquez ("Appellant") appeals his conviction on two counts of alien smuggling in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 8 U.S.C. § 1324(a)(2)(B)(iii), claiming the trial court committed reversible error in (1) refusing to strike a special allegation from the indictment, (2) admitting evidence of his prior arrest, (3) preventing his son from testifying as to statements made by Appellant, (4) misstating the elements of Count 1 in the jury instructions, (5) admitting statements of co-conspirators, and (6) formulating the grand jury instructions. The parties are familiar with the facts, and we will not recount them here. We affirm in all respects.

■ First, even if the trial court's submission of the risk of death allegation to the jury was erroneous under the Supreme Court's later holding in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the error was harmless because the evidence relating to the special allegation was probative of the element of knowledge, the evidence was not over-emphasized by the Government, and the evidence of Appellant's guilt was overwhelming.

■ Second, the trial court did not abuse its discretion in admitting evidence of Appellant's prior arrest in view of the significant similarity between the circumstances surrounding the prior act and the charged conduct, the close temporal relation of the two events, and the relevance of the prior act evidence to the element of knowledge here. *United States v. Bibo–Rodriguez*, 922 F.2d 1398, 1402 (9th Cir. 1991).

■ Third, the trial court did not abuse its discretion in excluding certain portions of Appellant's son's testimony offered as circumstantial evidence of Appellant's intent in borrowing the van because neither Federal Rule of Evidence 803(3) nor the *Hillmon* doctrine (set out in *Mut. Life Ins. Co. v. Hillmon*, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892)) permits the introduction of evidence of then existing state of mind to infer future intent regarding an act never actually alleged to have been completed. Moreover, even if the exclusion was error, it was harmless in light of the trial court's admission of other portions of Appellant's son's testimony that corroborated Appellant's account.

■ Fourth, although the jury instruction as to the financial gain element of the principal offense in Count 1 ran afoul of our holding in *United States v. Munoz*, 412 F.3d 1043, 1047 (9th Cir.2005), this error does not compel reversal because the jury's verdict reflects a finding that Appellant aided and abetted an alien smuggling transaction, making him liable as a principal. *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir.2005); *United States v. Tsai*, 282 F.3d 690, 697 (9th Cir.2002).

■ Fifth, the trial court did not abuse its discretion in admitting co-conspirator statements bearing on the issue of financial gain, because the statements were admissible under Federal Rule of Evidence 801(d)(2)(E). The admission of the statements did not violate Appellant's Sixth Amendment right to confrontation, because the co-conspirator statements were admitted pursuant to Rule 801(d)(2)(E), a firmly rooted hearsay exception, *Bourjaily v. United States*, 483 U.S. 171, 183, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987). Fur-

of California, sitting by designation.
** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ther, the statements carry the indicia of reliability required by *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

Sixth, the grand jury instructions did not constitute structural error. *United States v. Navarro–Vargas,* 408 F.3d 1184, 1204 (9th Cir.2005) (en banc); *United States v. Adams,* 343 F.3d 1024, 1027 n. 1 (9th Cir.2003); *United States v. Marcucci,* 299 F.3d 1156, 1164 (9th Cir.2002).

**AFFIRMED.**

Wallace, Circuit Judge, filed dissenting opinion.