UNITED STATES of America,
Plaintiff—Appellee,

v.

Jimmy LEUNG, Defendant—Appellant.

No. 05–10409.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided June 22, 2006.

J. Gregory Damm, Esq., USLV—Office of the U.S. Attorney, Lloyd George Federal Bldg., Las Vegas, NV, for Plaintiff—Appellee.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Todd Leventhal, Esq., Las Vegas, NV, for Defendant—Appellant.

Before: HUG and O'SCANNLAIN, Circuit Judges, and BENITEZ,** District Judge.

### MEMORANDUM ***

Jimmy Leung was charged and convicted by a jury of: 1) conspiracy in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2; 2) possessing and uttering counterfeited securities, in violation of 18 U.S.C. § 513(a) and 18 U.S.C. § 2; 3) fraudulent use and possession of a credit card, in violation of 18 U.S.C. § 1028(a)(6)(7) and 18 U.S.C. § 2; and 4) bank fraud in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2. Leung contends that these convictions must be overturned because there was insufficient evidence of aiding and abetting and because the jury instructions were inadequate. We affirm.

### Sufficiency of the Evidence

■ Leung essentially argues that there was insufficient evidence of aiding and abetting. We may not reach this issue because Leung waived his right to challenge the sufficiency of the evidence. "[T]he right to seek review of the sufficiency of the evidence is waived if the accused fails to make a motion for a judgment of acquittal before the matter is submitted to the jury." *United States v. Tisor*, 96 F.3d 370, 379 (9th Cir.1996); *see also United States v. Ward*, 914 F.2d 1340 (9th Cir. 1990). Because Leung failed to move for a judgment of acquittal before the matter

was submitted to the jury, he waived his right to challenge the sufficiency of the evidence on appeal.

### The Adequacy of the Jury Instructions

■ Leung claims that the district court failed to provide the jury with adequate instructions. He did not object to the instructions at trial. When a defendant does not object to jury instructions at trial, we review those instructions for plain error. *United States v. Sanders*, 421 F.3d 1044, 1050 (9th Cir.2005). Under the plain error standard, the defendant must prove that: 1) there was error; 2) the error was plain; and 3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Even if a defendant makes all three of these showings, a court should exercise its discretion to reverse only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

### A. The Aiding and Abetting Jury Instructions

Although Leung does not claim that the jury instructions wrongly identified the elements of the substantive offenses, he appears to be challenging the aiding and abetting jury instructions on the grounds that those instructions did not include language requiring that the defendant: 1) had knowledge that the crimes charged were to be committed; 2) knowingly and willfully did some act for the purpose of aiding commission of the crime; and 3) acted with the intention of causing the crimes to be committed.

Aiding and abetting has four elements: (1) that the accused had the specific intent to facilitate the commission of a

** The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

crime by another, (2) that the accused had the requisite intent of the underlying substantive offense, (3) that the accused assisted or participated in the commission of the underlying offense, and (4) that someone committed the underlying substantive offense.

*United States v. Garcia,* 400 F.3d 816, 818 n. 2 (9th Cir.2005) (emphasis deleted).

The district court gave the jury the following instructions for 18 U.S.C. § 2, which includes aiding and abetting: "Title 18, United States Code, Section 2 provides in pertinent part as follows: Whoever commits an offense against the United States or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal."

The district court did not provide any instructions regarding the *mens rea* required for aiding and abetting, although it did include a general instruction stating:

> Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed a crime, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

When reviewing jury instructions, "the relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *United States v. Dixon,* 201 F.3d 1223, 1230 (9th Cir.2000). In the instant case, the aiding and abetting instruction and the

presence instruction by themselves may not have adequately instructed the jury on the *mens rea* required for finding someone guilty of aiding and abetting. It is possible that jurors did not realize what all of the required elements of aiding and abetting were.

▮ However, even if it was error for the district court to fail to give the jurors *mens rea* instructions that were specific to aiding and abetting, that error could not have affected Leung's substantial rights. The jury not only found that Leung had violated Section 2, but also found that Leung had violated the substantive criminal statutes. The judge gave the jury the superseding indictment with the verdict form and the jury instructions. The verdict form stated that "we find the Defendant JIMMY LEUNG _____ of the offense charged in Count One of the Superseding Criminal Indictment herein." With the exception of the count number, the language for all the other counts on the verdict form was the same. For each count in the Superseding Criminal Indictment, the Indictment alleged a violation of *both* the specific substantive criminal statute and Section 2.[1] For example, the allegations for Count One ended with "All in violation of Title 18, United States Code, Sections 371 and 2." Thus, for each count, the jury necessarily determined that Leung had violated a specific substantive criminal statute. Therefore, regardless of whether the jury misunderstood the *mens rea* required for aiding and abetting, the jury found that Leung committed the substantive offenses.

---

1. In general, someone who commits an offense against the United States necessarily violates Section 2. *See* 18 U.S.C. § 2(a). Moreover, aiding and abetting a crime usually is merely an alternative theory of liability for the commission of a substantive crime. *See United States v. Garcia,* 400 F.3d 816, 819–20 (9th Cir.2005). Here, however, the indict-

ment, combined with the jury instructions, required the jury to specifically find that Leung had violated both Section 2 and the related substantive offense, and separate instructions were given for Section 2 and for the substantive offenses. Leung does not challenge the adequacy of the instructions for the substantive offenses.

## B. Jury Instructions Regarding Leung's Theory of the Case

Leung claims that the district court failed to provide adequate jury instructions relating to his theory of the case and that his theory of the case was that he did not *willingly* aid and abet. It is error for a trial court to refuse, on request, to instruct the jury about the defendant's theory of the case if the record contains evidentiary support for the theory and the theory is supported by law. *United States v. Noah,* 475 F.2d 688, 697 (9th Cir.1973); *Perkins v. United States,* 315 F.2d 120, 124 (9th Cir.1963).

Here, however, Leung did not request an instruction about coercion. Moreover, his theory of the case was not that he was coerced into playing a role in the crimes. Instead, his theory of the case was that he did not play a role at all. In fact, the jury instruction he did request concerned the rule that mere presence is insufficient to prove that a defendant committed a crime. In addition, there is no evidence in the record that would support a finding that Leung was forced to engage in the criminal conduct. Thus, there was no plain error.

The judgment is AFFIRMED.