**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Timothy DELLAS, Defendant–**
**Appellant.**

**No. 07–10060.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2008.*

Filed Feb. 19, 2008.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Kyle F. Waldinger, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Ephraim Margolin, Esq., San Francisco, CA, for Defendant–Appellant.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Timothy Dellas ("Dellas") appeals his conviction for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii), and possession with intent to distribute marijuana in violation of § 841(a)(1) and (b)(1)(A)(vii). For the following reasons, we affirm.

### I. Constitutionality of 21 U.S.C. § 841

Dellas's constitutional attack on the statutes he violated has no merit. What this court stated in 1978 still holds true today: "[T]he constitutionality of the marijuana laws has been settled adversely to [Dellas] in this circuit." *United States v. Miroyan*, 577 F.2d 489, 495 (9th Cir.1978).

Dellas distinguishes his constitutional attack from those of previous parties who have appeared before this court. He directs the court's attention to the Comprehensive Drug Abuse Prevention and Control Act of 1970, and the commission it established to study, among other things, marijuana's pharmacology and its relation to crime, aggressive behavior, and the use of other drugs. Pub. L. No. 91–513, § 601,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

84 Stat. 1236, 1280–81. Citing that commission's findings and more recent studies, he asserts that the evidence demonstrates that marijuana "is not harmful and has medical use." He argues that Congress was constitutionally irrational when it "relied on the yet-to-be-released findings of the National Commission on Marihuana and Drug Abuse to justify its harsh marijuana laws," because "the Commission's Report wholly undermined Congress' actions."

For the sake of argument, we can stipulate: (1) that Dellas accurately interprets the scientific evidence, and (2) that, in some circumstances, a law could be declared violative of due process because the factual assumptions underlying the law have been subsequently disproved, and the legislature has failed to respond in any manner. Even with these stipulations, Dellas's challenge fails. In 1998, Congress explained that it "continues to support the existing Federal legal process for determining the safety and efficacy of drugs and opposes efforts to circumvent this process by legalizing marijuana." Omnibus Consolidated and Emergency Supplemental Appropriations Act, Pub. L. No. 105–277, Division F, § 11, 112 Stat. 2681, 2681–761 (1998). This legislation reveals that Congress considered marijuana regulation long after the commission reported its findings. Further, Congress's desire not to rush to judgment is rational. The district court did not abuse its discretion in denying Dellas's request for an evidentiary hearing on this issue. *United States v. Smith,* 155 F.3d 1051, 1063 n. 18 (9th Cir.1998).

## II. Constructive Amendment/Variance

■ Dellas claims that his indictment was constructively amended, or that there was a significant variance from the indictment brought about by the judge's instructions and the prosecution's evidence, which he asserts enabled the jury to convict him of aiding and abetting, even though his indictment contained no such charge.

As a preliminary matter, there is a conceptual problem with this argument. Under our case law, "aiding and abetting is embedded in every federal indictment for a substantive crime." *United States v. Garcia,* 400 F.3d 816, 820 (9th Cir.2005). Thus, even though Dellas's indictment did not explicitly charge him with aiding and abetting, he was on notice that the government could validly present that theory at trial.

Nevertheless, because the district court cited the indictment as grounds for refusing to give the jury a preliminary instruction on aiding and abetting, we assume, without deciding, that Dellas's argument has some potential to be successful.

Dellas's challenge fails because the district court never issued an aiding and abetting instruction, and, therefore, the jury is presumed to have convicted Dellas as a principal. *See United States v. Heredia,* 483 F.3d 913, 923 (9th Cir.2007) (en banc) ("A jury is presumed to follow the instructions given to it. . . .").

Moreover, "evidence not referenced in the indictment may be admitted for impeachment or other legitimate purposes, without effecting any changes to the indictment." *United States v. Bhagat,* 436 F.3d 1140, 1146 (9th Cir.2006) (internal quotation marks omitted). In order to demonstrate the depth of Dellas's involvement in the commercial marijuana grow, the government introduced evidence, such as financial records, that incidentally implicated third parties. Although this evidence may have supported an aiding and abetting theory, it was also consistent with prosecuting Dellas as a principal.

Finally, after reviewing the prosecution's summation, we conclude that any

misstatements of law that may have been made were sufficiently slight as to have been rendered harmless by the judge's jury instructions. *See United States v. Mendoza,* 244 F.3d 1037, 1045 (9th Cir. 2001).

### III. Rule 30 Objection

■ Dellas's final challenge invokes Rule 30 of Criminal Procedure. He argues that the judge's supplemental jury instruction defining "manufacture" was "the functional equivalent of an aiding and abetting instruction." We disagree. The supplemental instruction was faithful to the statutory scheme, and it did not license the jury to convict Dellas for aiding, abetting, counseling, commanding, inducing, or procuring a violation of 21 U.S.C. § 841, or for willfully causing another to violate the statute. *See* 18 U.S.C. § 2.

To the extent Dellas is challenging the discrepancy between the judge's initial and supplemental instructions, he has been unable to show that the slightly more expansive supplemental instruction prejudicially affected him, because it does not appear that he was "substantially misled in formulating and presenting arguments." *See United States v. Gaskins,* 849 F.2d 454, 458 (9th Cir.1988). The supplemental instruction informed the jury that the examples provided in the statutory definition of "production," 21 U.S.C. § 802(22), "do not purport to be an all inclusive list." Dellas has not convinced us that he could have altered his summation in a meaningful way to account for this minor variation.

**AFFIRMED.**