MEMORANDUM **
Jesus Alfonso Fimbres Gonzalez (“Fim-bres”), a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (“BIA”) denying his application for asylum and ordering him removed to Mexico. The only issue before the court is whether the BIA erred in concluding that Fimbres had been convicted of an “aggravated felony” within the meaning of 8 U.S.C. § 1101(a)(43), and is therefore barred from seeking asylum in the United States. See 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i).
We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). See Morales v. Gonzales, 478 F.3d 972, 980 (9th Cir.2007) (“The denial of asylum is reviewable because it is specifically exempted from [8 U.S.C.] § 1252(a)(2)(B)(ii)’s jurisdiction-stripping provisions.”).
Fimbres pleaded guilty to one count of violating 18 U.S.C. § 111(a) (forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer) and § 111(b) (using a dangerous or deadly weapon in the commission of a § 111(a) violation, or, committing a § 111(a) violation that results in bodily injury), and received a fourteen-month prison sentence. The BIA concluded that Fimbres had been convicted of a “crime of violence” within the meaning of 18 U.S.C. § 16, and therefore had committed an aggravated felony that foreclosed a grant of asylum. See 8 U.S.C. § 1101(a)(43)(F).
In United States v. Juvenile Female, 566 F.3d 943, 948 (9th Cir.2009), we held that a violation of § 111(b) is, categorically, a crime of violence. Thus, under our precedent, Fimbres was convicted of an aggravated felony that renders him ineligible for asylum.
*830 Fimbres contends that the indictment in the underlying case was flawed because it charged both the § 111(a) and (b) violations as a single count. See United States v. Ramirez-Martinez, 273 F.3d 903, 913 (9th Cir.2001) (explaining the an indictment may not charge two or more distinct offenses in one criminal count). Even assuming that he is correct that § 111(a) and (b) are free-standing offenses, see United States v. Chapman, 528 F.3d 1215, 1218 (9th Cir.2008), an underlying conviction cannot be collaterally attacked on review of a decision of the BIA. Urbina-Mauricio v. INS, 989 F.2d 1085, 1089 (9th Cir.1993).
Fimbres also contends that, because an aiding and abetting theory is implicit in every indictment charging a violation of federal law, United States v. Garcia, 400 F.3d 816, 819 (9th Cir.2005), we cannot rule out the possibility that he was convicted as an aider and abettor. Aiding and abetting a § 111 violation would not, he argues, categorically constitute a crime of violence. That argument, however, is foreclosed by Gonzales v. Duenas-Alvarez, 549 U.S. 183, 127 S.Ct. 815, 820, 166 L.Ed.2d 683 (2007), which held that, for the purposes of the immigration statute, the law treats aiders and abettors during and before the commission of a crime the same way it treats principals.
The petition for review is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.