FILED

JUL 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50310 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-03355-LAB-2 |
| v. | |
| MARK NEEL, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted May 6, 2010
Pasadena, California

Before: B. FLETCHER and PAEZ, Circuit Judges, and EZRA, District Judge.[**]

Mark Neel appeals his conviction and sentence following a jury trial for

bringing an undocumented alien to the United States for, *inter alia*, commercial

advantage or private financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

18 U.S.C. § 2 (Count 1). Neel raises three issues: (1) whether the district court erred in failing to instruct the jury that an aider and abetter must act with the intent to violate the immigration laws of the United States; (2) whether the district court erred in its inquiry into the impact Neel's discontinued use of lithium had on Neel's mental competency during his change of plea colloquy; and (3) whether the district court abused its discretion in refusing to permit Neel to submit an *Alford* plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, a charge of aiding and abetting the bringing of an undocumented alien to the United States for commercial advantage or private financial gain requires an element of intent to violate the United States immigration laws. *United States v. Barajas-Montiel*, 185 F.3d 947, 953 (9th Cir. 1999); *see United States v. Garcia*, 400 F.3d 816, 819-20 (9th Cir. 2005) (holding that the intent necessary to convict a defendant as an aider and abettor is the same intent necessary to convict him as a principal). The government concedes that it was error for the district court to omit this element from the jury instructions as to the Count 1 aiding and abetting charge. We agree that the district court erred on this ground.

We hold, however, that the error was harmless in light of all the evidence establishing Neel's guilt. *Barajas-Montiel*, 185 F.3d at 953 (noting that despite lack of such an instruction, "the evidence presented at trial overwhelmingly

2

demonstrated that the alien smuggling scheme in this case was conducted in knowing violation of the immigration laws, and that [the defendant's] involvement was substantial[]").  Further, the court gave Neel's theory of defense instruction, which incorporated the necessary element of "intent to violate the immigration laws by transporting [the illegal alien] or helping to transport him in the vehicle." *See id.* (explaining that "[c]ases in which a defendant knowingly transported an alien without permission to enter into the United States, and did so for financial gain, but did not intend to violate immigration laws, would be rare[]").

Second, we hold that the district court's inquiry into whether Neel's ability to understand the plea proceedings was impaired by his recent cessation of lithium was sufficient.  Neel's counsel stated that the purpose of Neel's discontinued use of lithium "a few weeks back" was so that Neel could "think more clearly."  This statement was consistent with Neel's trial testimony, in which he stated that one of the side affects of lithium is confusion.  The district court inquired into whether Neel had taken any drugs in the last two days that might affect his ability to understand the plea proceedings and specifically asked Neel if he had "a clear mind and a clear head" about his decision to plead guilty.  At all times Neel answered in the affirmative.  Accordingly, the court had no reason to believe that Neel was not

competent, and therefore did not err by not continuing to question Neel on his mental state.

Finally, during Neel's plea colloquy, counsel for Neel suggested that Neel should be allowed to plead guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). However, regarding the element of knowledge required for the charged crime, Neel informed the court that "[a]t the time I had no idea [that there was an undocumented alien hidden in the car]. That's the only reason I want to take this [to] trial, your Honor. We were supposed to rent a car." Neel continued to maintain that at the time of the crime, he did not know that he was involved in any criminal activity. In light of Neel's statement during the plea colloquy that he wanted a trial, the district court did not abuse its discretion in rejecting Neel's *Alford* plea. Moreover, it properly exercised its discretion to deny the *Alford* plea because the plea did not meet the "factual basis" requirement of Rule 11. *See* Fed. R. Crim. P. 11(b)(3).

**AFFIRMED.**