**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 1 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10242 |
| Plaintiff-Appellee, | D.C. No. CR 13-00662-RS-2 |
| v. | |
| HOWARD WEBBER, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Northern California,
Richard Seeborg, District Judge, Presiding

Argued and Submitted October 10, 2018
San Francisco, California

Before: MURGUIA and FRIEDLAND, Circuit Judges, and HINKLE,[**]
District Judge

The jury convicted the defendant Howard Webber of mail fraud and

aggravated identity theft. He raises three issues on appeal.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert L. Hinkle, United States District Judge for the Northern
District of Florida, sitting by designation.

First, he challenges the denial of his motion for a judgment of acquittal on aggravated identity theft. The identity theft occurred when fraudulent tax returns were submitted bearing the purported signatures of three individuals, which were actually signed by Mr. Webber's co-conspirator Clifford Dale Bercovich. There was sufficient evidence for a rational jury to conclude Mr. Webber aided and abetted Mr. Bercovich's forgeries.

Aggravated identity theft occurs when a person "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person," during and in relation to a felony of a kind enumerated in the statute. 28 U.S.C. § 1028A(a)(1). Mr. Webber argues that an identity is "used" only when a person attempts to pass himself off as someone else. But in *United States v. Blixt*, 548 F.3d 882, 887–88 (9th Cir. 2008), we held that the defendant "used" an identity when she submitted a document with a forged signature. The jury was entitled to find that that occurred here.

Second, Mr. Webber challenges the giving of an aiding-and-abetting instruction on aggravated identity theft. The statute that makes it a federal crime to aid and abet another federal crime is 18 U.S.C. § 2. We have held that every indictment implicitly alleges aiding and abetting; an explicit allegation or citation to § 2 is unnecessary. *See, e.g.*, *United States v. Armstrong*, 909 F.2d 1238, 1241 (9th Cir. 1990) ("Aiding and abetting is implied in every federal indictment for a

2

substantive offense."); *see also United States v. Garcia*, 400 F.3d 816, 817 (9th Cir. 2005) (same). Here the indictment alleged aiding and abetting on mail fraud, not on identity theft, but this omission could not have misled or prejudiced Mr. Webber. The government's theory of the case from the outset was that Mr. Webber acted together with Mr. Bercovich to carry out the unlawful scheme. This was a classic case of aiding and abetting, not just on mail fraud, but also on identity theft.

Third, Mr. Webber challenges the district court's determination that he was an organizer or leader of criminal activity involving five or more participants, resulting in a four-level increase under United States Sentencing Guidelines Manual § 3B1.1. The determination was not clearly erroneous. There was evidence that Mr. Webber directed the activity of Mr. Bercovich and others who recruited additional individuals for whom tax returns were submitted. The number of participants exceeded five, even counting only Mr. Webber, Mr. Bercovich, and the recruiters.

**AFFIRMED.**