NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-3136

_____

UNITED STATES OF AMERICA

v.

WILSON ALBERT OSORIO, JR.,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 5-16-cr-00409-001)
District Judge: Honorable Joseph F. Leeson, Jr.

_____

Submitted under Third Circuit LAR 34.1(a)
on October 2, 2018

Before: SHWARTZ, ROTH and FISHER, Circuit Judges

(Opinion filed: December 20, 2018)

_____

OPINION*

_____

ROTH, Circuit Judge:

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In this pro se appeal, Wilson Albert Osorio, Jr. challenges several rulings made by the District Court during his criminal case. For the reasons that follow, we will affirm.

**I.**

On June 22, 2016, two men robbed the Members 1st Federal Credit Union bank branch located at 2568 Lititz Pike in Lancaster, Pennsylvania. Surveillance video captured the robbery, and identifying tattoos and fingerprints led to the arrest of Mario Onell Cedeno-Roman, Jr. Then, police searched Cedeno-Roman's phone pursuant to a search warrant. A forensic analysis revealed, among other things, that three weeks before the robbery, Cedeno-Roman had sent a text message to a contact identified as "Osorio" in which he asked, "Papito what happened? Look I am very sick please work with me for the last time."[1]

On July 6, 2016, Manheim Township and/or Lancaster City police officers arrested Osorio pursuant to a federal probation warrant. The arrest took place outside the home of Yesenia Vazquez, Osorio's former girlfriend. When the officers arrived, Osorio was inside a minivan parked outside the home. Following Osorio's arrest, detectives interviewed Vazquez inside her home. They showed Vazquez a still photograph of the second robber from the surveillance footage, and Vazquez identified the man as Osorio.[2] Officers also asked Vazquez for permission to search the house. She agreed, signing a consent form which permitted the detectives to search the residence and the minivan

---

[1] App. at 252.
[2] App. at 274–75.

parked outside.[3]  In the minivan, officers recovered, among many other items, a cell phone which Vazquez said belonged to Osorio.  The officers applied for and secured a search warrant for the cell phone.  The number for the phone was the number listed for "Osorio" in Cedeno-Roman's phone.[4]

Osorio and Cedeno-Roman were indicted on September 28, 2016, in the Eastern District of Pennsylvania.  The indictment contained only one count, for bank robbery and aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a).  After a complex procedural history—in which Osorio filed numerous motions to dismiss, and suppress, as well as requests to proceed pro se—the District Court held an evidentiary hearing pertaining to four types of evidence that Osorio sought to suppress.  Thereafter, Osorio filed a motion requesting a *Franks* hearing, in which he alleged that officers made material misstatements in the search warrant application to search his cell phone.  Then, on September 8, 2017, following a trial, the jury found Osorio guilty of the charged offense.  Osorio moved for a judgment of acquittal at the close of the government's case and again after the jury's verdict.  These motions were denied.

Osorio's appeal raises seven appellate issues, each of which is addressed below.[5]

## II.

Osorio's first contention on appeal is that his arrest was illegal and therefore all evidence obtained as a result of the arrest must be suppressed.  We review the District

---

[3] App. at 277.

[4] App. at 128.

[5] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.

Court's denial of the motion to suppress for clear error on all factual findings and exercise plenary review of the District Court's application of law to those facts.[6] Osorio's argument relies on a theory that, because the arresting officers were municipal police, they lacked authority to arrest him on the federal probation warrant. However, because municipal officers are authorized to execute federal arrest warrants, Osorio's argument fails.[7]

Osorio's second contention is that police searches of Vazquez's home and van were illegal and therefore all evidence obtained during the searches must be suppressed. Osorio claims that Vazquez did not provide consent to the search, and alternatively, that if she did provide consent, it was improperly obtained through either duress or coercion. However, Vazquez signed a search permission form, which was submitted to the District Court. Moreover, her testimony was that she freely and voluntarily consented to the searches. Osorio points to no record evidence contradicting this testimony.[8]

Osorio's third contention is that the procedure by which Vazquez identified Osorio as the man in the surveillance photographs was unnecessarily suggestive, and therefore all identification evidence should have been suppressed. Osorio cites a variety of cases that criticized, in one manner or another, the practice of showing a single suspect to a

---

[6] *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

[7] *See, e.g.*, *United States v. Polito*, 583 F.2d 48, 51 (2d Cir. 1978); *United States v. Bowdach*, 561 F.2d 1160, 1167–68 (5th Cir. 1977).

[8] Osorio also claims, for the first time, that the consent search was illegal because he initially objected to the search and he had common authority over Vazquez's property. Because the issue was not raised in the District Court, it is waived. *United States v. Rose*, 538 F.3d 175, 182 (3d Cir. 2008). Moreover, there are no facts in the District Court record regarding this issue.

witness for purposes of identification.[9] Such a critique is inapposite here. This is not a case in which a witness to the crime was presented with photographs of possible suspects, thereby implicating the concern that "[t]he identification of strangers is proverbially untrustworthy."[10] Instead, this case involved police showing surveillance photographs to a person already familiar with the identified suspect. Testimony revealed that police showed Vazquez the photographs and asked her if she recognized the person in two of the photos. Vazquez identified Osorio immediately, according to testimony, and recognized the shirt he wore in the photos as one that she had purchased for him.[11] Osorio presents no record evidence demonstrating that the identification was unnecessarily suggestive or unreliable.

Osorio's fourth appellate contention is that the District Court improperly denied his request for a *Franks* hearing. A *Franks* hearing requires that a defendant make a substantial preliminary showing that a false statement, necessary to the finding of probable cause, was knowingly included by the affiant in the warrant affidavit.[12] Osorio claims that, in an affidavit of probable cause in support of a warrant to search Osorio's cell phone, Detective Goss misrepresented the contents of a text message sent from Cedeno-Roman to Osorio, implying that Osorio was trying to aid and abet Roman. Osorio contends that, because he never responded to this text, the affidavit was false.

---

[9] *See Manson v. Brathwaite*, 432 U.S. 98, 116 (1977); *Stovall v. Denno*, 388 U.S. 293, 302 (1967); *Simmons v. United States*, 390 U.S. 377, 383 (1968). Note that, in all three cases, the Supreme Court held that the identification process used by police did not justify suppressing the relevant evidence.

[10] *United States v. Wade*, 388 U.S. 218, 228 (1967).

[11] App. at 47–50.

[12] *See Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

However, the affidavit accurately reports Cedeno-Roman's statement, without anywhere stating that Osorio responded to it. Therefore, Osorio's motion for a *Franks* hearing was properly denied.

Osorio's fifth contention is that the District Court erred by failing to dismiss his indictment. We review the District Court's legal conclusions de novo and its factual findings for clear error.[13] Osorio asserts that his indictment could have been improperly based on inflammatory statements before the grand jury made by the prosecutor and agent. These statements pertained to Osorio's cell phone web browser search history, which included searches regarding sales of firearms and firearm sound suppressors. The grand jury transcript shows that there was substantial evidence from which a finding of probable cause could be made, irrespective of any web search evidence. Therefore, Osorio has not shown that he was prejudiced by the allegedly inflammatory statements.

Osorio's sixth contention is that the jury returned an inconsistent verdict because neither the court nor the jury announced the verdict with regard to aiding and abetting. Osorio's single-count indictment charged violation of 18 U.S.C. §§ 2113(a) and 2, as both a principal and accomplice. The District Court properly instructed the jury that it must unanimously agree that Osorio was guilty of the offense. The court did not, however, need to instruct the jury that it must unanimously agree on the theory of liability, i.e., principal or accomplice.[14] For that reason, the verdict was not inconsistent.

---

[13] *United States v. Stock*, 728 F.3d 287, 291 (3d Cir. 2013).
[14] *See, e.g.*, *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005) (accomplice liability is not a separate offense, so "the district court [was not] obliged to give a specific unanimity instruction").

6

Osorio's seventh and final contention is that he should not have been subject to a career offender enhancement at sentencing.[15] The career offender enhancement applies to those with at least two prior felony convictions for either crimes of violence or controlled substance offenses. Osorio was previously convicted of bank robbery, which is a crime of violence.[16] Moreover, he was previously convicted of cocaine delivery, which is a controlled substance offense.[17] Therefore, Osorio has two qualifying felony convictions, and the District Court properly applied the career offender enhancement at sentencing.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[15] *See* U.S.S.G. § 4B1.1.
[16] *See id.* § 4B1.2(a); *United States v. Wilson*, 880 F.3d 80, 88 (3d Cir. 2018).
[17] *See* U.S.S.G. § 4B1.2(b).