**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10021 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00015-DAD-BAM-1 |
| v. | |
| ERIK QUIROZ RAZO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted September 3, 2021
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

At trial, Appellant Erik Quiroz Razo (Quiroz) was convicted of a single

count of conspiracy to aid and abet Paulo Virgen Mendoza's (Paulo) flight to avoid

prosecution. 18 U.S.C. §§ 2, 371, 1073. He now appeals on three grounds,

alleging that (1) the district court misstated the jury instructions and failed to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

require the government to prove that Quiroz knew Paulo intended to cross state lines, (2) the prosecution lacked sufficient evidence to convict for conspiracy to aid and abet because the underlying crime never transpired, and (3) the prosecutor committed misconduct. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

When a defendant moves for acquittal at the close of the government's case, we review de novo whether sufficient evidence exists to support a guilty verdict. See *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). Viewing the evidence "in the light most favorable to the prosecution," we then determine "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Unites States v. Orozco-Santillan*, 903 F.2d 1262, 1264 (9th Cir. 1990) (quotations and emphasis omitted).

Likewise, when properly preserved below, a claim that jury instructions misstate the elements of a statutory crime is reviewed de novo. *United States v. Christensen*, 828 F.3d 763, 785 (9th Cir. 2015). Such errors are generally subject to harmless error review. *United States v. Thongsy*, 577 F.3d 1036, 1040 (9th Cir. 2009).

When the defendant fails to object to a prosecutor's statement in rebuttal, we review for plain error. See *United States v. Gomez*, 725 F.3d 1121, 1131 (9th Cir. 2013) (citing *United States v. Hayat*, 710 F.3d 875, 893 (9th Cir. 2013)).

1.     The district court's jury instruction adequately stated the knowledge requirements for the charged conspiracy. The district court listed the two elements of flight to avoid prosecution, namely, the crossing of state or international boundaries and the intent to avoid prosecution. 18 U.S.C. § 1073. The district court informed the jury that aiding and abetting requires proof that the defendant participated in the "criminal venture with advance knowledge of the crime," and that conspiracy requires "an agreement between two or more persons to [accomplish this object]." Taken together, this instruction required the prosecution to prove that Quiroz knew of Paulo's intent to travel to Mexico, satisfying the standard for § 371 conspiracy. *See United States v. Feola*, 420 U.S. 671, 695 (1975) ("The jurisdictional requirement is satisfied by the existence of facts tying the proscribed conduct to the area of federal concern delineated by the statute.").

2.     Appellant's assertions that conspiracy to aid and abet fails without the occurrence of the underlying crime are unavailing. We have consistently held that aiding and abetting is simply "a different means of committing a single crime" and therefore implied in and interchangeable with the substantive offense. *United*

*States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005). Accordingly, a conspiracy to aid and abet may be sustained even when the underlying offense never transpires. *United States v. Bosch*, 914 F.2d 1239, 1241 (9th Cir. 1990). The jury considered ample evidence, when viewed in the light most favorable to the prosecution, that Quiroz knew Paulo was wanted by police for murder, understood Paulo was attempting to flee to Mexico, and acted with an intent to aid this flight from prosecution. We see no reason in the record to disturb these findings of fact or the judgment of the jury.

3.      The prosecutor did not commit misconduct, and her actions stray nowhere close to plain error. Quiroz rests his argument on a single statement made in closing rebuttal: "The law and facts in this case establish beyond a reasonable doubt, any doubt based on common sense, that the defendants are all guilty of the crimes charged against them. If you're going to fulfill your role as jurors, you need to find everyone guilty." In context, the statement properly instructed the jury of its duties provided that the government satisfied its burden of proof beyond a reasonable doubt. *See Gomez*, 725 at 1131 (holding that stating the government's burden, that the evidence fulfilled that burden, and that the jury had a corresponding "duty to say that the defendant is guilty" does not constitute error); *see also United States v. Tuan Ngoc Luong*, 965 F.3d 973, 988 (9th Cir. 2020)

(holding that correct instructions from the district court and the government's own references to those instructions mitigate plain error).

**AFFIRMED.**